There are three issues presented in this case. The first is whether the appellate waiver provision bars the issue raised. Second is whether hostages taking act is a crime of standard of review under plain error for the—whether the error affected the defendant's substantial rights. The government's argued that it's the standard used under Rule 11. My position is that's an incorrect standard in this context. So the first issue is whether the waiver of appeal bars this issue. This court in Bayman stated that it's never held that any language—it's never held any language was sufficient to bar the appeal of a conviction of an imprisonment for non-existent crime. This court has allowed defendants to appeal despite waiver of appeal provision when the basis of the appeal was—there was an inadequate factual basis at the guilty plea hearing. Here, the argument is that the offense the defendant pled guilty to was not even a crime. And the government hasn't made or made any distinction or argued why there should be any meaningful distinction for why a defendant should be allowed to challenge the sufficiency of the factual basis that was proffered by the government at the guilty plea hearing, but not be allowed to argue that what he pled guilty to was indeed not even a crime under federal law. And the same policy interests go to both, but the policy interest in not being convicted of a non-existent crime is a more important policy consideration than even the factual basis for the plea. And the second issue is whether the hostage-taking act is a crime of violence in light of DiMaio v. Sessions. The elements clause requires force capable of causing physical pain or injury. It's under the Sessions decision in Reyes-Contreras. The government has cited Reyes-Contreras to argue that that changed this circuit's application of the force clause to include both direct and indirect force, and I'm not quarreling with that. I'm in agreement. But it still requires force. Whether it's indirect or direct, it still, this court's opinion under Reyes-Contreras still requires use of force. And my point here is that the hostage-taking act as a matter of law does not require use of force. Therefore, whether it's indirect or direct does not alter the outcome because there's no use of force element to hostage-taking. And in your reading of Reyes-Contreras, what do you understand force to mean? In Reyes-Contreras, it was defined as physical pain or bodily injury. Well, that's what causes physical pain or bodily injury. Force would cause it. Right. So anything that causes physical pain or bodily injury, that's the definition of force. Right. But this court in Carillon Caliz and in Obarra-Zayala held that deception itself was sufficient to satisfy the element of to detain someone under the hostage-taking act. And what happens in some of these cases where convictions were upheld is where the detention element was satisfied by the smuggler saying, well, if you leave, there's a lot of immigration people around and they could arrest you. But that's not going to satisfy the element of force. And the government also argues that those circuit opinions were addressing the first element of the hostage-taking act, not the second element, which requires or to threaten continued detention or seizure. But the government hasn't made any argument why the definition of the elements of to detain under the second element should be read any differently than under the first element, which can be satisfied by mere deception and does not require force. And this court has said there is, the hostage-taking act does not require force or any threat, I mean, any... Counsel, the government in his briefing says the elements of hostage-taking, seizing or detaining another, threatening to kill, injure, or continue to detain with the purpose of compelling a third person to do something. They say all of that clearly encompasses the deployment of a force capable of causing what you defined as necessary, causing physical pain or injury. What's wrong with that analysis? Well, under the categorical approach, you can't look, if I'm understanding the question, you can't look to the actual facts. But do you understand their argument? I mean, it's the argument that they've been making. That's all I'm asking about. What's wrong with their argument that this sort of implicit threat to use force, if not explicit use of a threat to employee force, why isn't that enough under Reyes-Contreras? Oh, because the case law in this circuit, because to require, to satisfy the elements clause of the force provision under 924C, under the categorical approach, you must have to prove force in each and every case to support the conviction as an element of the offense. Here— I think that's what they're arguing. But here— The use of a threatened use of force in every situation. But this Court has held that the Hush-Taking Act does not require any act of physical force or even any threat of physical force. You're talking about carrying? Yes, Your Honor. Proceed. The third issue is the effect on—if the Court were to find it was error. And my argument is it's plain and obvious error at the time of appeal that—because the law at the time of appeal is what controls, and the elements clause is the only means to support this conviction. The second element being that it affects his substantial rights. But the government is applying harm analysis under plain error review. It's applied to Rule 11 proceedings to say that this didn't affect his substantial rights because he would have pled guilty anyway. But the issue here isn't whether he—whether the Court complied with Rule 11. It's whether the conviction is a valid conviction under the law based on— I'm understanding that you're agreeing we're under plain error review. Yes, Your Honor. All right. And so, tell me how it affects his substantial rights. I'm sorry? Tell me how it affects his rights. Oh, well— That's one of the prongs of plain error review. And my argument is rather than having to show that he wouldn't have pled guilty like you knew under the Rule 11 analysis, the issue here is it affects his substantial rights because he's been convicted of a crime that's a non-existent crime. And effectively, he got five years. Yes. Is that right? Yeah. This statute carries a mandatory five years. Now, of course, a district court can— So, without the conviction, the sentence would have been five years less? Yes. But a court, obviously, under 3553, can consider whatever facts it wants. So, it's—you know, it obviously went into the Court's determination of what was a sufficient sentence to promote the sentencing goals. But— So, you're saying it could have ended up with the same sentence even without that conviction? It's—for example, if the Court did reverse and remand, the district court could then, considering all the facts, apply whatever sentence it deems appropriate. But— So, you could win and lose? It's possible. But the real issue, though, is the fact of the conviction itself. Having that conviction is—affects substantial rights. So, do you want him to be resentenced or you want to vacate the entirety of the conviction? In other words, the plea and everything else? No, I'm just arguing for vacating the conviction for the gun count. And my reading of the case law was it remand for resentencing based on the remaining counts. Okay. And if there are no other questions, I'll— Thank you. May it please the Court. Amy Alanise for the United States. In this case, even if Mr. Picazzo-Lucas is correct, and the appellate waiver doesn't bar his appeal, and even if he's correct that hostage-taking is no longer a crime of violence, he still loses under the third prong. Because this Court has consistently held that in the case of a plea agreement, he has to show that he wouldn't have entered this plea. When you look at the facts of this very unique case, he got out from under three hostage-taking counts, which is a very draconian statute. It carries a very heavy penalty. I've set out all the arithmetic in my brief, but even if he had gotten a variance from the district judge on that part, a similar variance, he still would have had a much longer sentence under those hostage-taking counts. And we definitely have the evidence. He admitted to all of that in his 924C plea. So that is my argument about the third prong. He just can't show it in this case under these unique circumstances. And on the first issue, the appellate waiver . . . Well, you're going to say that's all you had. You got more than that? Well, you're going to say that's your argument, and you're going to sit down. Well, that's my best argument for sure. That wins the case, but you're going to tell us more. Pardon me? That wins the case for you, but you're going to tell us some more. Why don't you address where we are with Reyes-Contreras and the Carrion case, and the need for actual use of physical force or not in hostage-taking? I would say that it's unclear where we are. Certainly this case held in Carrion and I think it was called Ibarra, that direct physical force wasn't required to sustain a jury conviction for hostage-taking. My argument about the first and second prong is that it requires an extension of precedent, which always defeats a plain error finding. Whether you're talking about . . . whether you want to extend Carrion to this situation or whether Reyes-Contreras would have to be extended, we simply . . . There's no case law right now because that case is pretty new. And that was really my argument on the second and third prong. As far as the appellate waiver . . . I want to get back to your argument that he has to . . . he has to demonstrate that he would not have taken the plea. I think he has to . . . What's your authority for that proposition? I think he has to show he wouldn't have pledged to the 924C count. And one of the cases I cited was your opinion in Nepal. It was a completely different scenario, but it was another . . . Well, that's what's critical to me. It was a completely different scenario, but go ahead. Yes, it was very different. But again, this court found that he couldn't show substantial harm. You still have to show you wouldn't have entered a plea to that count. Well, but in Nepal, it was whether an indictment and a factual resume provided a sufficient factual basis for the guilty plea. Here, we're talking about him actually pleading guilty to a crime which he now contains isn't a crime at all. That's significantly different to me. Yes, Judge, I agree. I agree that this is a very different scenario. Here, we have a statute that we relied on for decades, and now it's . . . part of it is just gone. And the part we . . . everybody thought in the district court that it was fine. And I agree, it is a very different scenario. But I think the rule is still the same. He has to show. If he hadn't pled guilty to that 924C, he was looking at being convicted under the hostage-taking statute. And he would have gotten substantially more time. That is my argument under the third prong. Does your argument . . . if we agree with you with regard to plain error in the third prong, do we not have to opine on the crime of violence issue, the opinions that the 4th, 7th, 9th, and 11th circuits have addressed the federal kidnapping? Would that forgive the court for having to go in that direction? Or is it all part and parcel of the same analysis? I think the law is . . . I mean, the law has always been that with plain error, if it fails under any prong, that's good enough. You don't really need to go . . . here you wouldn't need to go into prongs 1 and 2. And one last . . . So your prong . . . the prong you hang your hat on is prong 3? That, I think, is the best argument. I do think there is some argument under 1 and 2 that it requires an extension of precedent. But I think the third prong is the best argument here. And as far as the remedy, if this court should find reversible plain error, I agree with Mr. Picazzo-Lucas that the remedy would be vacating the 924C count conviction and sentence and then remanding for resentencing on the remaining three counts because I do believe . . . I mean, he got a variance on that. And I think because it was all part and parcel with the 924C, the consecutive mandatory minimum, I think a resentencing on those counts would be appropriate. If there are no further questions, I will get back to my time. Thank you. Thank you. I guess the only point I did want to address was the . . . that this is not an extension of law because the circuit is long held since the en banc decision in Carrion that the use of . . . that the hostage-taking may be accomplished by fear or deception. And deception does not require bodily injury. So this is not a request to extend the law to new facts. This is just application of binding circuit precedent to the elements of this statute. And if there are no other questions . . . Thank you. Thank you both. Interesting case. We will get a resolution to the parties as soon as we can.